*TERRY A. DAKE, LTD.*
20 E. Thomas Rd.
Suite 2200
Phoenix, Arizona 85012-3133
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: ) | In Chapter 7 Proceedings |
| ) | |
| CORE RESOURCE MANAGEMENT, INC.) | Case No. 2:16-BK-06712-BKM |
| aka NITRO PETROLEUM, INC.[1] ) | |
| ) | |
| Debtor. ) | |
| ) | |

### ORDER GRANTING
### MOTION TO APPROVE SETTLEMENT

This matter having come before the Court on the trustee's Motion To Approve Settlement Pursuant To Bankruptcy Rule 9019 and the Notice Of Bar Date For Objections To Trustee's Motion (Admin. Dkt. No. 306, 307); and

It appearing that notice of the trustee's motion was duly given to creditors and parties in interest as appears from the certificate of mailing filed with the Court (Admin. Dkt. No. 308); and

The only objection to the trustee's motion having been withdrawn (Admin. Dkt. Nos. 325, 385); and

The Court having reviewed the compromise and finding that the compromise is a reasonable exercise of the trustee's business judgment

---

[1] Core Resource Management, Inc. is the owner of any assets titled in the name of Nitro Petroleum, Inc. See, Admin. Dkt. No. 123.

and that the compromise is otherwise reasonable and in the best interest of the estate; and

The Court being otherwise duly advised;

**IT IS ORDERED** that the Motion To Approve Settlement Pursuant To Bankruptcy Rule 9019 as filed at Admin. Dkt. No. 306 shall be and the same is hereby approved.

**IT IS FURTHER ORDERED**:

1. The trustee is authorized to pay $10,000.00 to Goldman Advisers, LLC aka Goldman Legal Advisers aka Goldman Legal Services (collectively "Goldman") not later 7 days after the date of this order.

2. Upon payment of the $10,000.00 in full to Goldman, Goldman shall have no further, lien, claim or interest in the proceeds of the sale Giant wells as approved by the Court at Admin. Dkt. No. 297 and Goldman shall be deemed to waive the rest of the Goldman's Giant Lien Claim. Goldman's Quinlan Lien Claim shall not be affected, extinguished, settled or compromised by this settlement. In other words, the claims asserted by Goldman as a result of the services it asserts it provided on the Quinlan wells shall continue to be owed to Goldman and Goldman may pursue any and all of the Goldman's Quinlan Lien Claim against the Quinlan wells, if any, which were sold "subject to the liens". Goldman agrees that it shall not be paid any distribution from the bankruptcy estate for the Goldman's Quinlan Lien Claim. In addition, Demasi shall be deemed to have withdrawn his proof of claim set forth in Claim No. 31 and as a part of this settlement agrees he shall not be entitled to any distributions of money or property from the bankruptcy estate.

3. After payment in full of the $10,000.00 to Goldman, Adversary No. 2:16-ap-585 shall be dismissed with prejudice and the

2

bankruptcy estate shall not assert any other claims of any kind or nature against Goldman or Demasi, except for claims related to the breach of this settlement, and the bankruptcy estate without further act shall be deemed to have released Goldman and its officers, directors and employees and Demasi of all prepetition and post petition claims and causes of action, known and unknown, contingent or not, liquidated or unliquidated, that the bankruptcy estate and Debtor may have against them, including but not limited to those related to any agreements between them, or any transaction or service provided by them or any and all state law or federal law claims against Goldman and its officers, directors and employees or Demasi, including any avoidance actions or other chapter 5 actions.

4. After payment in full of the $10,000.00 to Goldman, and except for the Goldman's Quinlan Lien Claim as stated in paragraph 2 above and except for claims related to the breach of this settlement, Goldman and Demasi without further act shall be deemed to have released the bankruptcy estate of all prepetition and post petition claims and causes of action, known and unknown, contingent or not, liquidated or unliquidated, they may have against the Debtor and the bankruptcy estate.

**DATED AND SIGNED ABOVE.**

3